IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR46 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| CHARLES RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 20). The government adopted the PSR (Filing No. 19). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶ 24 of the PSR, which states the base offense level of 20. U.S.S.G. § 2K2.1(a)(4)(A) applies in light of the prior conviction set out in ¶ 43. Section 2K2.1(a)(4)(A) applies, in pertinent part, when a defendant has committed the instant offense after "sustaining one felony conviction of either a crime of violence." A "crime of violence" includes any state law offense, "punishable by a term exceeding one year, that . . . has an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1); U.S.S.G. § 2K2.1 application note 1.

Paragraph 43 of the PSR describes the charging document of the prior offense of "Criminal Domestic Violence - Two or More Priors." In referring to the charging document, the PSR describes the choking manner in which the Defendant grabbed the victim's neck and the physical injury caused to the victim's legs by the Defendant's act of pushing her to the ground. Therefore, it appears that the required element of violence is satisfied. Paragraph 43 states that the Defendant was sentenced to a suspended sentence of 3 years for this offense.

It appears that the objection was not submitted to the probation officer under ¶ 4 of the Order on Sentencing Schedule.  The Court does not have the benefit of a discussion of the nature of the objection in an Addendum to the PSR, and the precise nature of the Defendant's argument, that the offense described in ¶ 43 is not a crime of violence, was not described in the objection filed with the Court.

Under these circumstances, the Court's tentative finding is that the objection is denied.

IT IS ORDERED:

1.	The Court's tentative finding is that the Defendant's objection to ¶ 24 of the PSR is denied;

2.	If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3.	Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

4.	Unless otherwise ordered, any motion challenging these tentative findings will be resolved at sentencing.

DATED this 2nd day of August, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

2